UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOBI GAINES,<br><br>           Plaintiff,<br><br>   v.<br><br>K. DE LA FUENTE,<br><br>           Defendant. | Case No. 23-cv-05386-RMI<br><br>**ORDER OF SERVICE** |

Plaintiff, a detainee, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*.

## LEGAL STANDARDS

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do . . . [f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly* as such: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

Plaintiff alleges that a deputy at the county jail assaulted him. It appears Plaintiff is a pretrial detainee.

The Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)). To prove an excessive force claim under § 1983, a pretrial detainee must show only that the "force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id*. "A court (judge or jury) cannot apply this standard mechanically." *Id*. "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id*. (quoting *Graham*, 490 U.S. at 396).

A non-exhaustive list of considerations that may bear on the reasonableness of the force used include "the relationship between the need for the use of force and the amount of force used;

1  the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount
2  of force; the severity of the security problem at issue; the threat reasonably perceived by the
3  officer; and whether the plaintiff was actively resisting." *Kingsley*, 576 U.S. at 397.

4        Plaintiff alleges that on February 9, 2021, Defendant Deputy De La Fuente approached
5  him, grabbed Plaintiff's arm and slammed him into a table. (dkt. 1 at 3). Defendant then punched
6  Plaintiff several times about his face and forehead and used his knee to strike Plaintiff's stomach.
7  (*id.*) Defendant then kicked Plaintiff in the stomach. (*id.*) Plaintiff presents a claim against
8  Defendant De La Fuente.

## CONCLUSION

10  The Court orders service on Defendants through the United States Marshal as follows:
11  The Clerk will issue a summons and the United States Marshal will serve, without
12  prepayment of fees, copies of the complaint (dkt. 1) with attachments and copies of this order on
13  Deputy K. De La Fuente #1843 at Santa Rita County Jail.
14  In order to expedite the resolution of this case, the Court orders as follows:
15  No later than **sixty days** from the date of service, Defendant shall file their motion for
16  summary judgment or other dispositive motion. The motion shall be supported by adequate factual
17  documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall
18  include as exhibits all records and incident reports stemming from the events at issue. If Defendant
19  is of the opinion that this case cannot be resolved by such a motion, they shall so inform the Court
20  prior to the date that such motion is due. Moreover, all papers filed with the Court shall be
21  promptly served on Plaintiff.
22  At the time the dispositive motion is served, Defendant shall also serve, on a separate
23  paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th
24  Cir. 1998) (*en banc*), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003); *see Woods
25  v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (finding that *Rand* and *Wyatt* notices must be
26  given at the time motions for summary judgment or motion to dismiss for non-exhaustion are
27  filed, not earlier); *Rand*, 154 F.3d at 960 (establishing the separate paper requirement).

1    Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and
2    served upon Defendant no later than **thirty days** from the date the motion is served upon him.
3    Additionally, Plaintiff must read the attached page headed "NOTICE – WARNING," which is
4    provided to him pursuant to *Rand*, 154 F.3d at 953-954, and *Klingele v. Eikenberry*, 849 F.2d 409,
5    411-12 (9th Cir. 1988).

6    If Defendant files a motion for summary judgment claiming that Plaintiff failed to exhaust
7    his available administrative remedies as required by 42 U.S.C. § 1997e(a), Plaintiff should take
8    note of the attached page headed "NOTICE – WARNING (EXHAUSTION)," which is provided
9    to him as required by *Wyatt*, 315 F.3d at 1120 n. 4.

10   If Defendant wishes to file a reply brief, they shall do so no later than fifteen days after the
11   opposition is served. The motion shall be deemed submitted as of the date the reply brief is due.
12   No hearing will be held on the motion unless the Court so orders at a later date. All
13   communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel,
14   if and when counsel has been designated, by mailing a true copy of the document to Defendant or
15   Defendant's counsel.

16   Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No
17   further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties
18   may conduct discovery.

19   Finally, it is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
20   informed of any change of address by filing a separate paper with the clerk headed "Notice of
21   Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to
22   do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
23   Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 8, 2024

ROBERT M. ILLMAN
United States Magistrate Judge

4

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.