UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOBI GAINES,<br><br>        Plaintiff,<br><br>    v.<br><br>K. DE LA FUENTE,<br><br>        Defendant. | Case No. 23-cv-05386-RMI<br><br>**ORDER GRANTING MOTION TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE THE CASE**<br><br>Re: Dkt. No. 24 |

Plaintiff, a detainee, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The Court ordered service regarding Plaintiff's claim that Defendant assaulted him at the county jail. Defendant was served and filed an answer. Defendant has now filed a motion to stay the case because Plaintiff is facing criminal charges in Alameda County regarding the incident. (dkt. 24). Plaintiff did not file an opposition despite being provided a reminder by the Court. (dkt. 27).

## BACKGROUND

There was an encounter between Plaintiff and Defendant on February 9, 2021. (dkt. 1 at 3). Plaintiff alleges that Defendant approached him, grabbed his arm and slammed him into a table. (*id*. at 3). Defendant then punched Plaintiff several times about his face and forehead and used his knee to strike Plaintiff's stomach. Defendant then kicked Plaintiff in the stomach. Plaintiff seeks money damages. (*id*.).

Defendant states that he suffered significant injuries from Plaintiff's actions during the encounter. (dkt. 24-1 at 1). On December 28, 2021, the Alameda County District Attorney's Office filed criminal charges against Plaintiff regarding the incident with Defendant, including a felony charge of willfully resisting a peace that proximately causes death or serious bodily injury to a peace officer in violation of California Penal Code section 148.10 (a). (dkt. 24-1 at 1; Ex. B).

1  The criminal charges against Plaintiff are pending and the most recent hearing was on October 24,
2  2024. (*id.*; *People v. Gaines*, Case No. 21-CR-015405 (Alameda County)).

**DISCUSSION**

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487.

A conviction for resisting arrest may bar claims under Section 1983 for excessive force during the course of an arrest because under California law, the resisting arrest conviction may be lawfully obtained only if the officers do not use excessive force in the course of making that arrest. *See Smith v. City of Hemet*, 394 F.3d 689, 695-96 (9th Cir. 2005) (en banc) (citing *People v. Olguin*, 119 Cal.App.3d 39, 45-46 (1981)). The plaintiff's conviction in *Smith* was for resisting a "peace officer" under California Penal Code Section 148(a). *See id.* at 695.

Defendant argues that Plaintiff's felony criminal charges of resisting a peace officer involve the same facts as his Section 1983 claim. A conviction in Plaintiff's criminal case could bar Plaintiff from proceeding in this civil rights case. Defendant seeks to stay this case until the criminal case is resolved. Plaintiff has not filed an opposition to the motion to stay or responded to the Court's order to file an opposition.

Here, Plaintiff does not oppose staying the case and Defendant's arguments are well taken. The criminal case and this Section 1983 case involve the same underlying facts and the results of Plaintiff's criminal case may directly affect this case.

Furthermore, in a different context, in *Wallace v. Kato*, 549 U.S. 384, 393 (2007), the Court held that the "*Heck* rule for deferred accrual [of the statute of limitations] is called into play only when there exists 'a conviction or sentence that has not been . . . invalidated,' that is to say,

2

1   an 'outstanding criminal judgment.'" *Id*. at 391-93 (quoting *Heck*, 512 U.S. at 486-87). The *Heck*
2   rule delays accrual of the limitations period only if there is an existing conviction on the date the
3   statute of limitations begins to run, which in the case of wrongful arrest or wrongful imprisonment
4   claims is when the plaintiff's confinement is no longer without legal process, but rather becomes a
5   confinement pursuant to legal process, for example, when he or she is bound over by a judge or
6   arraigned on charges. *Id*. at 389-90. Although the Court was only considering when the statute of
7   limitations began running on a false arrest or false imprisonment claim, the discussion quoted
8   suggests that *Heck* does not apply if there is no extant conviction – for instance, if a plaintiff has
9   only been arrested or charged.

10  If a plaintiff files a Section 1983 claim before he is convicted, or files any other claim
11  related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the
12  power of the district court, and accords with common practice, to stay the civil action until the
13  criminal case or the likelihood of a criminal case is ended. *Id*. at 393-94. If the plaintiff is
14  thereafter convicted, and if the stayed civil suit would impugn that conviction, *Heck* requires
15  dismissal; otherwise, the case may proceed. *Id*. at 394. For all of these reasons, this case should be
16  stayed.

## CONCLUSION

18  Defendant's motion to stay the case (dkt. 24) is **GRANTED** and this case is **STAYED**.
19  Plaintiff must inform the Court, by way of a motion to reopen, that the criminal charges have been
20  dismissed or have resulted in a conviction. Any motion to reopen must have the words MOTION
21  TO REOPEN written on the first page.

22  The Clerk shall **ADMINSTRATIVELY CLOSE** this case. The closure has no legal
23  effect; it is purely a statistical matter. The case will be reopened, and the stay vacated upon
24  notification by Plaintiff in accordance with the instructions above.

25  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed
26  of any change of address by filing a separate paper with the Clerk headed "Notice of Change of
27  Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may
28  result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil

3

Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 24, 2024

_____
ROBERT M. ILLMAN
United States Magistrate Judge